UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:24-cv-00096-MR

| | | |
|---|---|---|
| CEDRIC CALDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| FNU CARROLL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], see 28 U.S.C. §§ 1915(e) and 1915A, and Plaintiff's unsigned addendum, [Doc. 6]. Plaintiff is proceeding in forma pauperis. [Docs. 4, 7].

I. **BACKGROUND**

Pro se Plaintiff Cedric Caldwell ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. Plaintiff filed this action on April 4, 2024, pursuant to 42 U.S.C. §§ 1983 and 1985 against FNU Carroll, identified as a Sergeant at Alexander, and FNU Adkins and FNU Lay, both identified as "Lower Rank Officials" at Alexander. [Doc. 1]. Plaintiff does not allege whether he is suing these Defendants in their individual or official

capacities.[1] [See id.].

Plaintiff alleges as follows. On February 18, 2024, at 8:50 to 8:58 a.m., after a random search by Defendant Carroll on Blue Unit during which he was "caught in the act of planting a homade [sic] weapon in [Plaintiff's] cell," Plaintiff was strip searched in a staff bathroom by "Official Mr. Cook." [Doc. 1 at 2]. Plaintiff was then escorted to Lower Red Unit Segregation. Defendant Carroll "used accessive [sic] and agressive [sic] profanity towards [Plaintiff] saying watch what happen to your little A _ _ cheeks and A _ _ hole." [Id.]. Defendant Carroll told Defendants Lay and Adkins "to mess with [Plaintiff] in a sexual[ ] way." [Id.]. Defendants Lay and Adkins then escorted Plaintiff to the inmate shower in Segregation Apod, made Plaintiff strip naked again, and "told [Plaintiff] to shake [his] penis up and down" repeatedly. Defendants Lay and Adkins then made Plaintiff "turn around and spread [his] as_ cheeks … over-and-over." Plaintiff stopped and told them he would "report them and write [a] complaint." [Id. at 3]. They responded that "they did not care" and that they would use OC pepper spray on him and put him in chains if he did not obey orders. Plaintiff was scared and "[did] what they directed [him] to do." Defendant Carroll arrived and Plaintiff told him he was going to write a PREA grievance "and follow suit" because "they were in

---

[1] The Court, therefore, will address both.

violation of [his] constitutional rights." [Id.]. Defendant Carroll responded, "I don't give a fuck you stupid sum-bitch, make sure you spell my name correct. You dumb piece of shit." [Id.]. On February 21, 2024, Plaintiff filed a PREA grievance against the Defendants. [Id. at 4]. Plaintiff never received a Step 1 or Step 2 Response, and he was immediately transferred to Marion Correctional Institution.[2] [Id.]. Defendants acted out of retaliation because Plaintiff exposed Defendant Carroll for planting the weapon in Plaintiff's cell. [Id. at 8].

Plaintiff purports to state claims for retaliation, sexual harassment, sexual abuse, and "[f]ailure to obey and follow the SAH 101 Refresher Training Skills."[3,4] [Id. at 1, 8]. For injuries, Plaintiff alleges emotional distress and injury to his "personal man-hood." [Id. at 8]. Plaintiff seeks monetary relief and early release from prison.[5] [Id. at 5, 7].

---

[2] Plaintiff has since been transferred back to Alexander. [Doc. 3].

[3] The Court will address those claims fairly raised by Plaintiff's allegations.

[4] Plaintiff also recently filed an unsigned Addendum to his Complaint in which he purports to assert claims of "negligence" against each Defendant. [Doc. 6]. The Court will strike this unsigned, piecemeal pleading. See Fed. R. Civ. P. 11(a). Plaintiff is admonished that he must sign all documents he files in this action. See id. To the extent Plaintiff wants to amend his Complaint to properly assert these claims, he may file an amended complaint asserting all the claims he wishes to bring against all Defendants to this action. The Court will instruct the Clerk to mail Plaintiff a blank prisoner § 1983 form.

[5] Plaintiff also references a clemency petition he filed with the Juvenile Review Board. [Doc. 1 at 5, 7]. To the extent Plaintiff seeks relief relative to that petition here, this Court has no authority to review or grant such clemency. Also, Plaintiff attached a list of items

3

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

---

it appears he is requesting the Court to gather. [See Doc. 1 at 10]. The Court does not conduct discovery for the parties. Once the Court enters a Pretrial Order and Case Management Plan in this matter, the Plaintiff may conduct his own discovery.

4

## III. DISCUSSION

### A. Section 1983

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

#### 1. Official Capacity Claims

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, as noted the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). Plaintiff's official capacity claims, therefore, do not survive initial review and will be dismissed.

## 2. Retaliation

Plaintiff claims that Defendants retaliated against him for exposing Defendant Carroll's planting a homemade weapon in Plaintiff's cell during a random cell search. An inmate has a clearly established First Amendment right to be free from retaliation for filing grievances. See Booker v. S.C. Dep't of Corrs., 855 F.3d 533, 540 (4th Cir. 2017); Thompson v. Commonwealth of Va., 878 F.3d 89, 110 (4th Cir. 2017). Inmates also have a protected First Amendment right to complain to prison officials about prison conditions and improper treatment by prison employees that affect them. See Patton v. Kimble, 717 Fed. App'x 271, 272 (4th Cir. 2018).

To state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct. Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (quotation marks and citation omitted). Retaliation claims brought by prisoners, however, are treated with skepticism because every act of discipline by a prison official is retaliatory in that it responds directly to prisoner misconduct. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).

Taking Plaintiff's allegations as true and giving him the benefit of every

reasonable inference, the Court finds that Plaintiff's First Amendment retaliation claim against Defendant Carroll in his individual capacity is not clearly frivolous and survives initial review. Plaintiff, however, has failed to state a retaliation claim against Defendants Lay or Adkins because he alleges only that Defendant Carroll ordered them to "mess with" the Plaintiff, not that there was a causal relationship between Plaintiff's protected activity and their conduct. The Court, therefore, will dismiss this claim against Defendants Lay and Adkins.

### 3. Eighth Amendment

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. Const. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). "There can be little doubt that sexual abuse is repugnant to contemporary standards of decency, and that allegations of sexual abuse can amount to an Eighth Amendment violation." Jackson v. Holley, 666 F. App'x 242, 244 (4th Cir. 2016); see Woodford v. Ngo, 548 U.S. 81, 118, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (Stevens, J., dissenting) ("Accordingly, those inmates who are sexually assaulted by guards, or whose sexual assaults by other inmates are facilitated by guards, have suffered grave deprivations of their Eighth Amendment rights.");

Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) ("Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." (internal quotation marks omitted)).

Nonetheless, the law is well-established that taunting comments, slurs, threats, and other verbal harassment by correctional facility staff, without more, are not actionable under § 1983. Wilson v. United States, 332 F.R.D. 505, 520 (S.D. W.Va. Aug. 19, 2019) (collecting cases).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff's claim of sexual abuse survives initial review as not clearly frivolous against all Defendants. Any claim based on verbal harassment alone, however, fails to state a claim for relief and will be dismissed.

### 3. Policy Violation

Plaintiff purports to state a claim against Defendants for their alleged violation of "SAH 101 Refresher Training Skills." [Doc. 1 at 8]. A policy violation does not rise to the level of a § 1983 claim absent a plausible allegation of an underlying constitutional violation. See generally Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal prison policies are not actionable

under § 1983 unless the alleged breach of policy rises to the level of constitutional violation"). Plaintiff here has failed to allege what this policy regards, how the Defendants violated it, or any other facts that might support a claim of a constitutional violation independent of the Eighth Amendment claim that survived initial review. The Court, therefore, will dismiss this claim.

### B. Section 1985

To state a claim under § 1985, a plaintiff must allege "concrete facts" showing that defendants entered a conspiracy which deprived the plaintiff of his civil rights. Francis v. Giacomelli, 588 F.3d 186, 196-97 (4th Cir. 2009). Courts reject "section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." Williams, at *5 (quoting Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995)). The Fourth Circuit has "rarely, if ever, found that a plaintiff has set forth sufficient facts to establish a section 1985 conspiracy." Simmons, 47 F.3d at 1377. To allege a conspiracy, a party must show that two or more persons acted in concert to commit an unlawful act or to commit a lawful act by unlawful means. See id. at 1376. Further, "a party must show an agreement or meeting of the minds between parties to inflict a wrong or injury upon another that results in damage." Williams, at *5 (citations omitted). A plaintiff must also show harm resulting from the alleged

conspiracy. Id. (citations omitted).

Taking Plaintiff's allegations as true and drawing reasonable inferences in Plaintiff's favor, Plaintiff has nonetheless failed to allege a conspiracy to deprive his civil rights under § 1985. At best, Plaintiff alleges that Defendant Carroll ordered "Lower Rank Official" Defendants Lay and Adkins to "mess with [Plaintiff] in a sexual[ ] way." The Court, therefore, will dismiss this claim on initial review.

## V. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915A as to Plaintiff's First Amendment retaliation claim against Defendant Carroll and Plaintiff's Eighth Amendment claim against all Defendants in accordance with the terms of this Order. All remaining claims, including Plaintiff's official capacity claims, fail initial review and will be dismissed.

## ORDER

**IT IS, THEREFORE, ORDERED** that all claims asserted in this matter as to all Defendants are hereby **DISMISSED** for failure to state a claim, except for Plaintiff's First Amendment retaliation claim against Defendant Carroll and Plaintiff's Eighth Amendment claim against all Defendants, which are allowed to pass initial review.

**IT IS FURTHER ORDERED** that Plaintiff's Addendum [Doc. 6] is hereby **STRICKEN** from the record in this matter.

**IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Carroll, Lay, and Adkins, who are alleged to be current or former employees of NCDPS.

The Clerk is also instructed to mail Plaintiff a blank prisoner § 1983 form and an Opt-In/Opt-Out form pursuant to Standing Order 3:19-mc-00060-FDW.

**IT IS SO ORDERED**.

Signed: May 1, 2024

Martin Reidinger
Chief United States District Judge