# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:24-cv-00096-MR-SCR

| | |
|---|---|
| CEDRIC CALDWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| FNU CARROLL, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on numerous recent filings by the Plaintiff. [Docs. 16-20].

Pro se Plaintiff Cedric Caldwell ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. Plaintiff filed this action on April 4, 2024, pursuant to 42 U.S.C. §§ 1983 and 1985 against FNU Carroll, FNU Adkins, and FNU Lay, all identified as prison officials at Alexander, claiming violation of his rights under the First and Eighth Amendment. [Doc. 1]. On May 2, 2024, Plaintiff's First Amendment retaliation claim against Defendant Carroll and his Eighth Amendment claim against all Defendants passed initial review. [Doc. 8]. The remaining claims were dismissed. [Id.]. Defendants waived service and their answers are due by July 1, 2024. [Doc. 9].

Now pending are several recent filings by the Plaintiff, including three purported "Supplemental Complaints," which the Court addresses first. [Docs. 17, 18, 20]. On May 17, 2024, Plaintiff filed his first Supplemental Complaint, which the Court will also construe as a motion to supplement.[1] [Doc. 17]. Plaintiff moves to supplement his Complaint with allegations of events that occurred at Alexander since filing his original Complaint and to add two new Defendants in this matter, Timothy Metcalf, identified as a Unit Manager in Restrictive Housing, and FNU Suttles, identified as a Sergeant in Restrictive Housing. [Id.].

Plaintiff alleges that, since filing the Complaint in this matter, Defendant Carroll told Unit Manager Metcalf and Sergeant Suttles about the instant lawsuit and encouraged Metcalf and Suttles to retaliate against Plaintiff. On May 1, 2024, at approximately 9:40 a.m., Plaintiff was taken to the recreation

---

[1] Plaintiff also separately filed a Declaration setting out some of the same facts alleged in his Supplemental Complaints [Doc. 16; see Doc. 17-1 (Plaintiff acknowledging that the first Supplemental Complaint "better clarify[ies] issues going on instead of just the declaration[.]")]. The day after his first Supplemental Complaint, Plaintiff filed a second, nearly identical Supplemental Complaint. [Doc. 20]. A few days later yet, Plaintiff filed a single-page, unsigned, apparently incomplete "Supplemental Complaint" in which he claims, without elaboration, that Sergeant Cook violated his First and Eighth Amendment rights. [Doc. 18]. Because the second Supplemental Complaint is duplicative of the first; the Declaration is superfluous, ineffectual, and improper; and the purported third Supplemental Complaint is unsigned and incomplete, the Court will strike these filings. See Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record … or by a party personally if the party is unrepresented.).

yard by Officers Butler and Green. Contrary to policy, these officers denied Plaintiff the use of his radio duration recreation time. Ten minutes later, Metcalf and Suttles "marched out" toward Plaintiff's "REC-CAGE," and, using profanity, made false allegations against him and refused to allow Plaintiff to ask questions. [Id. at 2]. Metcalf and Suttles told Plaintiff he was being written up for disobeying orders and communicating threats. Plaintiff told them he was going to file a grievance for harassment and retaliation. Although unclear, it appears Plaintiff also told them he had informed officials at Marion Correctional Institution, where he had just briefly been housed, about the instant lawsuit. Metcalf and Suttles told the Officer-in-Charge, Moss, a "false allegation" to punish the Plaintiff. [Id. at 3]. Plaintiff was charged with three infractions, his property was taken, he was restrained tightly in two sets of chains, and he was "made [to] suffer 19 days inside a camera cell." [Id. at 3]. For injuries, Plaintiff alleges that he has suffered chronic back pain, emotional distress, and "mental disorder." [Id.].

Based on these events, Plaintiff claims that his First Amendment rights to free speech and to be free from retaliation and his Eighth Amendment right to be free from cruel and unusual punishment were violated. [Id. at 2]. In his Supplemental Complaint, Plaintiff purports to sue "[e]ach defendant

3

individually in his official capacity."[2]  [Doc. 17 at 2 (emphasis in original)].

Under Rule 15(d), a party may on motion "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "A plaintiff may add new defendants via a supplemental pleading, but only if the supplemental pleading relies 'in good part on transactions, occurrences, and events which had happened since the action had begun.'" Rush v. American Home Mortg., Inc., No. WMN-07-854, 209 WL 2591342, at *2 (D. Md. Aug. 19, 2009) (quoting Griffin v. County School Bd. of Prince Edward County, 377 U.S. 218, 226, 84 S.Ct. 1226 (1964)).  Here, Plaintiff alleges that, at Defendant Carroll's prompting, Metcalf and Suttles retaliated against Plaintiff for filing the instant action, which is proceeding in part on a retaliation claim against Defendant Carroll.  The Court will grant Plaintiff's motion to supplement his Complaint with the new factual allegations and to add Metcalf and Suttles as Defendants in this matter in their individual capacities only for the alleged violation of Plaintiff's First Amendment right to be free from retaliation for complaining about prison conditions.  Plaintiff, however, has failed to state a claim for violation of his First Amendment free speech rights.

---

[2] To the extent Plaintiff intends to sue Defendants in their official capacities, the Court will dismiss these claims for the same reasons it dismissed such claims on initial review of Plaintiff's Complaint.  [See Doc. 8 at 5].

There is no First Amendment right to "ask questions." This claim will be dismissed.

Plaintiff also claims Defendants violated his Eighth Amendment rights. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. <u>Williams v. Benjamin</u>, 77 F.3d 756, 761 (4th Cir. 1996). "The Eighth Amendment 'does not prohibit cruel and unusual prison conditions.'" <u>Thorpe v. Clarke</u>, 37 F.4th 926, 940 (4th Cir. 2022) (quoting <u>Strickler v. Waters</u>, 989 F.2d 1375, 1381 (4th Cir. 1993)). "It asks instead whether the conditions of confinement inflict harm that is, objectively, sufficiently serious to deprive of minimal civilized necessities." <u>Id.</u> (citation omitted). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." <u>Dixon v. Godinez</u>, 114 F.3d 640, 642 (7th Cir. 1997). Extreme deprivations are required. <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992).

To establish an Eighth Amendment claim, an inmate must satisfy both an objective component—that the harm inflicted was sufficiently serious— and subjective component—that the prison official acted with a sufficiently culpable state of mind. <u>Williams</u>, 77 F.3d at 761. The Supreme Court has stated that "a prison official cannot be found liable under the Eighth

5

Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.  A plaintiff must also allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, he has failed to state a claim under the Eighth Amendment.  To the extent this claim is based on being placed in a "camera cell" for 19 days during which time he was deprived of his property and/or being subject to the use of "tight" chains for some undefined period, these conditions are not a sufficiently serious deprivation or use of force to support an Eighth Amendment claim.  Plaintiff has also failed to allege which Defendant, if any, was responsible for these conditions or facts supporting that any Defendant had a sufficiently culpable state of mind.  The Court, therefore, will dismiss Plaintiff's Eighth Amendment claim.  The Court will order the Clerk to commence the procedure for waiver of service for Defendants Metcalf and Suttles.

Finally, Plaintiff has filed a nonsensical "Freedom of Speech Motion" [Doc. 19], in which he discusses his confusion over the three divisions of the United States District Court for the Western District of North Carolina in Asheville, Charlotte, and Statesville and asks "person(s) of honor to grant [him] credit of judgment for above (action)." [Id.]. This filing is insufficient to state what relief Plaintiff seeks, and therefore the Court will deny it.

Plaintiff is strongly cautioned to review the Standing Order of Instructions in this matter, the Local Rules of this Court, and the Federal Rules of Civil Procedure before filing any further documents with this Court. **<u>Any further improper, duplicative, or frivolous filings in this matter may be summarily stricken and/or subject Plaintiff to sanctions in this matter, including dismissal of this action without prejudice.</u>**

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Supplement [Doc. 17] is **GRANTED** in accordance with the terms of this Order and Plaintiff's First Amendment retaliation claim against Defendants Metcalf and Suttles in their individual capacities passes initial review. Any other claims Plaintiff sought to assert in his Supplemental Complaint are **DISMISSED**.

**IT IS FURTHER ORDERED** that Docket Nos. 16, 18, and 20 shall be **STRICKEN** from the record in this matter.

7

Case 5:24-cv-00096-MR-SCR   Document 21   Filed 06/17/24   Page 7 of 8

**IT IS FURTHER ORDERED** that Plaintiff's Motion [Doc. 19] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Timothy Metcalf and FNU Suttles, who are alleged to be current or former employees of the North Carolina Department of Adult Correction.

The Clerk is respectfully instructed to update the docket in this matter to title Docket No. 17 as Plaintiff's Supplemental Complaint.

**IT IS SO ORDERED**.

Signed: June 14, 2024

Martin Reidinger
Chief United States District Judge