IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 5:24-cv-00096-MR-SCR

| | |
|---|---|
| CEDRIC CALDWELL, ) ) Plaintiff, ) ) vs. ) ) ) FNU CARROLL, et al., ) ) Defendants. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss [Doc. 29]; the Magistrate Judge's Memorandum and Recommendation [Doc. 37] regarding the disposition of said motion; the Plaintiff's Objections to the Memorandum and Recommendation[1] [Doc. 38]; and the Defendant's Response to Plaintiff's Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. 41].

**I.  PROCEDURAL BACKGROUND**

On or about March 28, 2024, pro se Plaintiff Cedric Caldwell filed this action pursuant to 42 U.S.C. §§ 1983 and 1985 against FNU Carroll,

---

[1] Plaintiff also inexplicably filed an untimely, handwritten copy of his Objections [Doc. 39], which the Court will strike from the docket in this matter.

identified as a Sergeant at Alexander Correctional Institution ("Alexander"), and FNU Adkins and FNU Lay, both identified as "Lower Rank Officials" at Alexander, seeking to state claims for retaliation, sexual harassment, and sexual abuse. [Doc. 1]. On May 2, 2024, the Court allowed Plaintiff's First Amendment retaliation claim against Defendant Carroll and Plaintiff's Eighth Amendment sexual abuse claim against all Defendants to survive initial review. [Doc. 8 at 10]. The Court dismissed Plaintiff's remaining claims for Plaintiff's failure to state a claim for relief. [Id.]. On or about May 28, 2024, Plaintiff filed a Supplemental Complaint in this matter alleging acts of retaliation occurring since Plaintiff filed his Complaint and adding two new Defendants, Timothy Metcalf and FNU Suttles, identified as a Unit Manager and Sergeant in Restrictive Housing, respectively. [Doc. 17; Doc. 17-2 (postmark)]. On June 17, 2024, the Court allowed Plaintiff's retaliation claim against Defendants Metcalf and Suttles to pass initial review. [Doc. No. 21].

On August 30, 2024, Defendants moved to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 29]. The Plaintiff timely responded [Doc. 32] and Defendants replied [Doc. 34].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable Susan C. Rodriguez, United States Magistrate Judge, was designated to consider the Defendants' Motion to Dismiss and

2

to submit a recommendation for its disposition. On November 1, 2024, the Magistrate Judge issued a Memorandum and Recommendation, which recommended that the Defendants' motion to dismiss be granted for Plaintiff's failure to exhaust administrative remedies before filing his Complaint and Supplemental Complaint in this matter. [Doc. 37].

On November 17, 2024, Plaintiff timely filed his "Objection(s)" to the Memorandum and Recommendation. [Doc. 38; see Doc. 38-1 (date notation)]. Defendants have responded to the Plaintiff's Objections, urging the Court to adopt the Magistrate Judge's Recommendation.[2] [Doc. 41].

Having been fully briefed, this matter is now ripe for disposition.

## II. STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for

---

[2] Defendants also ask the Court to strike Plaintiff's Objections "because they are not properly signed. [Doc. 41 at 1]. This argument is not well taken. Although not written in cursive, Plaintiff's handwritten name, which it appears he intends as his signature, appears on the final page of his Objections. [Doc. 38 at 3].

3

Case 5:24-cv-00096-MR-SCR     Document 42     Filed 12/12/24     Page 3 of 6

the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing pro se objections to a magistrate judge's recommendation, however, "district courts must review de novo any articulated grounds to which the litigant appears to take issue." Elijah v. Dunbar, 66 F.4th 454, 460-61 (4th Cir. 2023) (citing Martin v. Duffy, 858 F.3d 239, 245-46 (4th Cir. 2017)). "Such a requirement advances district court's obligation to liberally construe pro se objections while maintaining constitutional limitations on a magistrate's authority." Id. at 461.

## III. DISCUSSION

Plaintiff has filed what purports to be objections to the Magistrate Judge's Memorandum and Recommendation. [Doc. 38]. Plaintiff's filing, however, does not identify any specific error in the Magistrate Judge's proposed conclusions of law. [See id.]. Rather, Plaintiff rehashes the factual

4

and legal basis of his retaliation claim, which was not relevant to the Magistrate Judges' Recommendation, and takes issue with various arguments and assertions made by Defendants in support of their motion to dismiss. [Id. at 1-3]. These type of objections do not warrant a *de novo* review of the Magistrate Judge's reasoning. See Orpiano, 687 F.2d at 47; Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). Because the Plaintiff has failed to make specific objections, the Court is not obligated to conduct a *de novo* review of the Magistrate Judge's proposed findings and conclusions.

The Court has carefully reviewed the Memorandum and Recommendation and finds that the proposed findings and conclusions of the Magistrate Judge and the recommended disposition of this case are supported by the record and the law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation that the Defendants' motion to dismiss be granted.

5

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. 38] are **OVERRULED**, and the recommendation of the Magistrate Judge [Doc. 37] is **ACCEPTED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss [Doc. 29] is **GRANTED** and this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's "Memorandum and Recommendation Objections" [Doc. 39] is **STRICKEN** from the record in this matter.

**IT IS SO ORDERED**.

Signed: December 11, 2024

Martin Reidinger
Chief United States District Judge